NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2021[*]
Decided January 22, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19–2296

| | |
|---|---|
| DENNIS W. MIKEL, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:16-cv-01795-JRS-DML |
| MEGAN MILLER, et al., *Defendants-Appellees*. | James R. Sweeney II, *Judge*. |

**O R D E R**

Represented by court-recruited counsel, Dennis Mikel, an Indiana prisoner, lost after a jury trial on his claims that correctional and medical staff were deliberately indifferent to his medical needs in violation of the Eighth Amendment. *See* 42 U.S.C. § 1983. On appeal, he principally challenges several discretionary pretrial rulings. But those rulings were reasonable, so we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

After Mikel survived summary judgment, the district court recruited counsel to assist him at trial. Mikel was unhappy with his attorney, so the court permitted counsel to withdraw at Mikel's request before the final pretrial conference. According to Mikel, at that conference he could not physically handle evidence because he was cuffed. Also, at the conference the judge ruled that he could not offer at trial some of his proposed witnesses, such as a former commissioner of the Indiana Department of Correction and Vice President Michael Pence. Next, when Mikel moved to exclude some defense exhibits, the judge ruled that "I'm giving them (the Defendants) everything they ask for." Finally, the judge discussed whether Mikel would wear his prison uniform at trial, handcuffed and shackled, if he represented himself. (Mikel has not ordered a transcript of the conference. Defendants argue that, by this omission, Mikel has waived challenges to these events, but also address head-on Mikel's characterization of their significance, as we do below.)

After the pretrial conference, the court recruited new counsel at Mikel's request and ruled on several motions related to the trial. It denied Mikel's pending request to continue the trial (based on his pro se status) because he now had counsel to assist him. Next, it declined his pro se request for a court-appointed gastroenterologist. Mikel's neck pain, acid reflux, and hernia, the court thought, were understandable to a layperson; in any case the defendants were calling two medical witnesses whom Mikel's counsel could cross-examine. The court next granted Mikel's counseled motion to appear in civilian clothing without handcuffs, but it required him to wear ankle restraints that the jury would not see. Finally, the court accepted his counsel's amended witness and exhibit list, which was significantly shorter than Mikel's prior (and partially rejected) list of proposed witnesses. At trial, the court admitted all of these proffered exhibits and allowed the witnesses on this final list to testify. The jury later found that Mikel had not proven that he had an unmet serious medical need.

On appeal, Mikel challenges several pretrial rulings, which we review for abuse of discretion. *See Turubchuk v. S. Ill. Asphalt Co., Inc.*, 958 F.3d 541, 548 (7th Cir. 2020). He first argues that the court abused its discretion by refusing to delay the trial after he discharged his first recruited attorney. But a district court's discretion to grant or deny continuances is broad. *Ruark v. Union Pac. R.R. Co.*, 916 F.3d 619, 630 (7th Cir. 2019). And the court here had ample reason to deny Mikel's motion once it recruited new counsel for him and thus eliminated the basis for his motion. Moreover, Mikel has not said how the denied continuance prejudiced him.

Mikel next contends that the court abused its discretion by preventing him from presenting "all of" the evidence and witnesses that he wanted to present to the jury. He

repeats that his handcuffing at the final pretrial conference prevented him from handling evidence, but the jury was not there, so he was not prejudiced. At the trial itself, the court allowed Mikel to present all exhibits and witnesses on his final amended evidence list. That proffered list of exhibits and witnesses superseded Mikel's earlier, pro se submission from the pretrial conference. *See* FED. R. CIV. P. 16(d), (e). Mikel faults his counsel for shortening his witness and exhibit lists, but he is bound by counsel's actions. *See Henry v. Hulett*, 969 F.3d 769, 786 (7th Cir. 2020). In any event, Mikel does not explain how any other evidence would have affected the trial, as he needed to do through an offer of proof. *See Henderson v. Wilkie*, 966 F.3d 530, 535 (7th Cir. 2020).

Mikel also contests the district court's discretionary refusal to appoint an expert on gastroenterology. Under Rule 706 of the Federal Rules of Evidence, a district court may appoint an expert to assist it. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993). But the court permissibly ruled that, because two doctors, both subject to cross-examination, were already going to testify on that subject, further assistance to the court was not essential. *See Ledford v. Sullivan*, 105 F.3d 354, 358–59 (7th Cir. 1997).

Next, Mikel argues, the court wrongly kept him shackled at the ankle at trial. (He admits that shackling was out of the jury's sight, and he did not wear prison garb.) The shackling, he maintains, prevented him from showing the jury his hernia scar. But he had other options to offer visual evidence of his injuries, such as photographs. He concedes that his counsel chose not to submit photos of his scar. Because Mikel is bound by his counsel's decisions, and counsel may have had tactical reasons not to highlight Mikel's scar, such as preserving Mikel's privacy or letting oral testimony suffice, the court did not err. *See Sanchez v. City of Chicago*, 880 F.3d 349, 360 (7th Cir. 2018).

Two matters remain. First, Mikel argues that he should receive a new trial because his recruited counsel provided ineffective assistance by refusing to offer some of his proposed witnesses and evidence, failing to object to him wearing ankle shackles, and poorly preparing for cross-examination, among other flaws. But litigants in civil cases have no constitutional right to counsel, so ineffective assistance of counsel is not a ground for reversal. *Diggs v. Ghosh*, 850 F.3d 905, 911 (7th Cir. 2017). Second, Mikel contends that the judge was biased against him. But other than citing adverse rulings (such as overruling Mikel's objections at the pretrial conference to defense exhibits), he identifies no specific acts of bias. And adverse rulings alone are not evidence of bias. *Liteky v. United States,* 510 U.S. 540, 555 (1994).

AFFIRMED